IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| GABRIEL VILLARREAL | ) |
|    Plaintiff, | ) Civil Action No. |
| v. | ) 3:17-cv-13-TCB-RGV |
| AVIATION MANAGED SOLUTIONS, INC. | ) JURY TRIAL DEMANDED |
|    Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Gabriel Villarreal ("Plaintiff" or "Villarreal"), through undersigned counsel, and files this lawsuit against Defendant Aviation Managed Solutions, Inc. ("Defendant" or "Defendant AMS"), and for his Complaint shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual

damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff also brings claims pursuant to 26 U.S.C. § 7434.

## II.   **Jurisdiction and Venue**

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III. Parties and Facts

5.

Plaintiff was employed by Defendant as an aircraft mechanic from October 2013 to December 2016.

6.

From January 27, 2014 through December 13, 2016 (hereinafter the "statutory period") Plaintiff performed mechanic duties on aircrafts, as directed and assigned by Defendant.

7.

During the statutory period, Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

Throughout his employment with Defendant, Plaintiff a non-exempt laborer entitled to overtime compensation for hours worked over 40 in a workweek. Throughout his employment with Defendant, Plaintiff's primary duty was manual labor.

9.

From January 27, 2014 to February 2016, Plaintiff was paid on a piece rate basis, specifically a set amount per plane completed, without regard to the number of hours he worked in each workweek. During this period, Plaintiff regularly worked more than 40 hours in given workweeks. Throughout this period, Defendant failed to pay Plaintiff overtime compensation, calculated at one and one half times his regular rate, for hours worked over 40 in workweeks.

10.

Throughout the statutory period, Defendant misclassified Plaintiff as an independent contractor.

11.

From May to November 2016, Defendant paid Plaintiff on an hourly basis in most workweeks. During this period, Plaintiff regularly worked more than 40 hours in given workweeks. Throughout this period, Defendant failed to pay Plaintiff overtime compensation, calculated at one and one half times Plaintiff's regular rate, for hours Plaintiff worked over 40 in workweeks. Instead, during this period, Defendant paid Plaintiff his regular rate for overtime hours in weeks in which Defendant paid Plaintiff on an hourly basis. During the May to November 2016 period, there were approximately two weeks in which Defendant paid

Plaintiff on a piece rate basis, without overtime compensation calculated at one and one half times his regular rate for hours worked over 40.

12.

From November to December 13, 2016, Plaintiff was paid on a piece rate basis, i.e. per plane completed, for some of his work, and on an hourly basis for some of his work. Throughout this period, Defendant did not pay Plaintiff overtime compensation, calculated at one and one half times his regular rate, for hours worked over 40 in workweeks.

13.

Throughout his employment with Defendant, Plaintiff was entitled to overtime compensation for all hours worked in excess of 40 hours in a workweek.

14.

Throughout his employment with Defendant, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in such weeks.

15.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

Throughout Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

17.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

18.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

19.

During Plaintiff's employment with Defendant, Defendant failed to keep accurate time records for hours worked by Plaintiff when Plaintiff was paid on a piece rate basis.

20.

Plaintiff is entitled to overtime pay for the hours he worked over 40 in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

21.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with his hours worked were controlled by Defendant.

22.

Defendant's employees supervised Plaintiff on job sites.

23.

Throughout his employment with Defendant, Plaintiff was economically dependent on Defendant.

24.

Defendant's misclassification of Plaintiff as an independent contractor was willful.

25.

Defendant is a staffing company that supplies mechanics to its customers.

26.

Defendant is not an air carrier.

27.

Defendant is not directly or indirectly controlled by an air carrier.

## Count I

## Violation of the Overtime Wage Requirement of
## the Fair Labor Standards Act

28.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

29.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

30.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

31.

Defendant knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

32.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

33.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

34.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

35.

Defendant's violations of the FLSA were willful and in bad faith.

36.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

This 30th day of January, 2017.

                                        **BARRETT & FARAHANY**

                                        /s/ V. Severin Roberts
                                        V. Severin Roberts
                                        Georgia Bar No. 940504
                                        Attorney for Plaintiff Gabriel Villarreal

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Severin@JusticeAtWork.com