IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

GABRIEL VILLARREAL,          :
Plaintiff,                   :
vs.                          :     Civil Action File No.
AVIATION MANAGED             :     3:17-CV-13-TCB
SOLUTIONS, INC.,             :
Defendant.                   :
                             :

## CONSENT CONFIDENTIALITY AGREEMENT

The confidentiality of documents produced by the parties is governed by the following provisions:

(a) Scope. "Documents" means all documents produced by any party in the course of discovery, documents subpoenaed from third parties, all responses to discovery requests, and all deposition transcripts and exhibits.

(b) Form and Timing of Designation. Confidential documents shall be so designated by affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the confidential designation. Documents shall be designated confidential prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior

designation as confidential shall not be deemed a waiver of the right to designate documents as confidential as otherwise allowed by this Order.

(c) Documents That May Be Designated Confidential. Any party may designate documents as confidential, but only after review of the documents by an attorney who has determined in good faith that the documents contain information protected from disclosure by statute; personal information (such as Social Security numbers); medical data, trade secrets including, but not limited to, contracts or business negotiations between Defendant and its customers; or sensitive security data. Information or documents that are available in the public sector shall not be designated as confidential.

(d) Depositions. Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be carefully limited to the specific portions entitled to protection.

(e) Discovery Responses: The Parties shall take all reasonable steps to reference confidential material in an appendix or separate filing to avoid designating the entirety of discovery responses as confidential.

(f) Protection of Confidential Material.

i. General Protections. Documents designated confidential shall not be filed with the Clerk or disclosed by the parties or counsel for the parties for any

purposes other than preparing for and conducting this litigation (including any appeal).

<u>ii. Limited Third Party Disclosures</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated confidential under the terms of this Agreement to any other person or entity except as set forth in subparagraphs a. through e. below, and then only after the person to whom disclosure is to be made has executed an acknowledgment that he or she has read and understands the terms of this Agreement and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated confidential pursuant to this Agreement:

a. counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

b. parties and employees of a party to this action, but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

c. court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

d. consulting and testifying experts; and

e. other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

(g) Filing of Confidential Documents. In the event a party seeks to file any document that an opposing party has designated as confidential on the public docket or at use in trial, the following procedure will apply:

> Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in paragraph 12 of the Court's Instructions to Parties and Counsel.

Beyond this requirement, the Party seeking to make public Confidential Documents shall take appropriate action to insure that the document receives proper protection from public disclosure including

(i) filing a redacted copy of the document, thereby concealing all allegedly confidential portions thereof, and

(ii) where appropriate (e.g., in relation to discovery disputes and evidentiary motions), submitting the documents solely for in camera review.

iii. Control of Documents. Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as confidential and shall maintain a record of all persons who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations hereunder.

<u>iv. Copies</u>. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as confidential, or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Agreement.

(g) Challenges to Designation as Confidential. Any confidential designation is subject to challenge. The following procedures shall apply to any such challenge.

<u>i.</u> The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

<u>ii</u>. A party who contends that documents designated confidential are not entitled to confidential treatment shall notify the party who affixed the designation in writing (including e-mail) of the specific basis for the challenge.

The party who so designated the documents shall then have seven days to determine if the dispute can be resolved without judicial intervention and, if not, to contact the Court to schedule a conference concerning the confidential designation.

Notwithstanding any challenge to the designation of documents as confidential, all material previously designated confidential shall continue to be treated as subject to the protection of this Order until one of the following occurs: a. the party who claims that the documents are confidential withdraws such designation in writing; b. the party who claims that the documents are confidential

fails to timely move for an Order designating the documents as confidential as set forth in paragraph 7(f)(ii) above; or c. the Court rules that the documents should no longer be designated as confidential.

iv. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

(g) Treatment on Conclusion of Litigation.

i. <u>Agreement Remains in Effect.</u> All provisions of this Agreement restricting the use of documents designated confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed in writing or ordered by the Court.

ii. <u>Return of Confidential Documents</u>. Within thirty days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Agreement, including copies as defined above, shall be returned to the producing party unless (1) the document has been entered as evidence or filed (unless introduced or filed under seal), or (2) the parties stipulate to destruction in lieu of return. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated confidential to the extent

necessary to fulfill counsel's ethical obligations. Such work product continues to be confidential under the terms of this Agreement.

(h) No Judicial Determination. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as confidential by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

SO AGREED:

**DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC**

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375

*s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791

3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150    Telephone
(404) 979-3170    Facsimile
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

**Counsel for Defendant**

**Barrett & Farahany**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120    Telephone
(404) 214-0125    Facsimile
Severin@JusticeAtWork.com

**Counsel for Plaintiff**

IT IS SO ORDERED, this 28th day of April, 2017.

_____
Timothy C. Batten
United States District Judge